# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

PATRICK WITT,

        Plaintiff,

vs.

TIX4TONIGHT, LLC,

        Defendant.

Case No. 2:17–cv–02511–JAD–VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-1)

    Before the court are Plaintiff Patrick Witt's application to proceed *in forma pauperis* (ECF No. 1) and Complaint (ECF No. 1-1). For the reasons stated below, Witt's application to proceed *in forma pauperis* is granted and he may proceed with this action.

## I. *In Forma Pauperis* Application

    The court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). Witt's *in forma pauperis* application states that he receives $10.30 per week in wages and he pays $875 monthly for rent and utilities. (ECF No. 1). Accordingly, Witt's application is granted.

## II. Section 1915(e) Screening

    Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint. Specifically, federal courts are given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation

1

omitted). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Witt's complaint alleges that his previous employer, TIX4TONIGHT, discriminated against him based on his race (African-American) and sexual orientation (homosexual). (ECF No. 1-1 at 3-4). Specifically, TIX4TONIGHT promoted heterosexual and non-African-American employees over Witt, harassed and stereotyped Witt, and terminated Witt when he reported the hostile work environment, all while Witt had positive interactions with customers and received pay raises. (*Id.* at 2-3). Witt brings claims for racial discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. (*Id.* at 3-4).

The Court has jurisdiction over Witt's claims, as they arise under federal law. 28 U.S.C. § 1331. Title VII states it is unlawful for employers to discriminate on the basis of race or sex. 42 U.S.C. § 2000e-2(a). "To establish a *prima facie* case under Title VII, a plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). "To establish a prima facie case of retaliation, a plaintiff "must establish that (1) he undertook a protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between those two events." *McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003), *as amended* (Jan. 2, 2004)).

The Court finds Witt has asserted claims upon which relief can be granted. Witt alleges he belongs to a racial group protected by Title VII, he performed his job satisfactorily, he was passed over for promotions and eventually terminated, and TIX4TONIGHT treated non-African-American employees differently than him. Witt's sex discrimination claim presents a close question, as "an employee's sexual orientation is irrelevant for purposes of Title VII." *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1063 (9th Cir. 2002). However, Witt asserts he "was harassed and discriminated on based on his demeanor that his supervisors did not feel fit within traditional male traits." (ECF No. 1-1 at 4). Title VII "bars discrimination on the basis of sex stereotypes." *Nichols v. Azteca Rest. Enterprises, Inc.*, 256 F.3d 864, 874 (9th Cir. 2001). Construing Witt's allegations in a light most favorable to him, the Court finds he has asserted a sexual discrimination claim. Witt also alleges he was harassed, discriminated against, and terminated after reporting a hostile work environment, which fulfills the elements of a retaliation claim.

Accordingly, and for good cause shown,

IT IS ORDERED that Witt's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1). The Clerk shall issue summons to the defendants named in the Complaint, deliver the same to the U.S. Marshal for service and send blank copies of the USM-285 forms to Plaintiff.

IT IS FURTHER ORDERED that the Plaintiff shall have 20 days to furnish to the U.S. Marshal the required USM-285 forms. Within 20 days after Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the Court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of

service should be used. Pursuant to the Federal Rules of Civil Procedure 4(m), service must be accomplished within 90 days from the date the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, Plaintiff will serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

DATED this 4th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE